**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2140**

MICHAEL ELLIS,

        Plaintiff - Appellant,

    v.

KANAWHA COUNTY PUBLIC LIBRARY,

        Defendant - Appellee,

    and

ALAN ENGLEBERT, Director,

        Defendant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, Chief District Judge.  (2:15-cv-05698)

Submitted:  February 28, 2019                    Decided:  March 12, 2019

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael Ellis, Appellant Pro Se.  Craig W. Snethen, GORDON & REES, Pittsburgh, Pennsylvania, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Ellis appeals the district court's order accepting the recommendation of the magistrate judge and granting summary judgment on Ellis' employment discrimination action. On appeal, Ellis challenges the denial of his motion to amend his complaint and the dismissal of his retaliation claim.[1] For the reasons that follow, we affirm.

We review an order denying a motion to amend a complaint for abuse of discretion. *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 227 (4th Cir. 2019). "However, if the district court denied such a motion on the grounds that the amendment would have been futile, we review its legal conclusions de novo." *Id.*

Contrary to Ellis' claim, the timeliness of his motion was irrelevant; because he had already amended his complaint once, he could not do so again without "consent of the opposing party or with leave of the court." *Id.* at 227-28; *see* Fed. R. Civ. P. 15(a)(2). Thus, the magistrate judge did not err in declining to grant Ellis' motion as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Furthermore, we discern no impropriety in the magistrate judge's reliance on state court proceedings, not included in the record, in determining that res judicata rendered one of Ellis' proposed claims futile. *See Lolavar v. de Santibañes*, 430 F.3d 221, 224 & n.2 (4th Cir. 2005) (taking judicial notice of state court proceedings).

---

[1] After receiving proper notice, Ellis failed to object to the magistrate judge's recommendation to dismiss his race discrimination claim. Accordingly, Ellis has waived appellate review of this part of the district court's order. *See Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Turning to the retaliation claim, "[w]e review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The district court held that the disciplinary measures at issue here—a paid suspension and written warning—did not constitute adverse employment actions for purposes of a Title VII[2] retaliation claim. *See Ray v. Int'l Paper Co.*, 909 F.3d 661, 669 (4th Cir. 2018) (stating elements of retaliation claim). We need not consider the propriety of this determination because, based on our review of the record, we conclude that Ellis failed to show the Library's explanation for these actions was "merely a pretext for discrimination." *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 203 (4th Cir. 2016) (discussing burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *see Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 220 (4th Cir. 2015) ("We may affirm a judgment for any reason appearing on the record." (brackets and internal quotation marks omitted)). Here, the Library maintained that it suspended Ellis—and later issued a written warning—because of his insubordination at a staff meeting. Ellis acknowledged talking over the manager and disparaging one of the Library's policies. He also conceded that he lacked any evidence that his suspension

---

[2] Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2018).

3

resulted from something other than his disruption of the meeting. Thus, Ellis failed to establish that the Library's "explanation [was] not credible, or that [its disciplinary] decision[s] w[ere] more likely the result of retaliation." *Sharif*, 841 F.3d at 203.

Accordingly, we grant leave to proceed in forma pauperis and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*